UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES H. HAMILTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-14-NCC ) |
| JASON LEWIS, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On January 29, 2018, plaintiff James H. Hamilton, an inmate at the Southeast Correctional Center, filed a letter with the Court. He neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. Because it appeared that he intended to file a civil action to allege that his constitutional rights had been violated, the Court entered an Order directing him to either pay the filing fee or seek leave to proceed *in forma pauperis*, and to file a complaint on a court form. (Docket No. 3/filed February 1, 2018). Plaintiff's response was due on March 5, 2018.

In response, plaintiff filed two more letters, neither of which could be construed as compliance with the Court's February 1, 2018 Order. In consideration of plaintiff's *pro se* status, the Court *sua sponte* gave plaintiff additional time to comply. Plaintiff's response was due to the Court on March 27, 2018. However, as of the date of this Order, he has filed nothing.

Based upon the foregoing, the Court concludes that plaintiff's failure to comply with the February 1, 2018 Order was intentional rather than accidental, and that plaintiff will continue to fail to prosecute his case in any meaningful way. The Court therefore determines that dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's

failure to comply with this Court's February 1, 2018 Order and to prosecute his case. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (Rule 41 dismissal is appropriate in cases of willful disobedience of a court order or persistent failure to prosecute a complaint); *see also Rodgers v. Curators of Univ. Of Mo.*, 135 F.3d 1216, 1219-20 (8th Cir. 1998) (upholding the district court's Rule 41 dismissal after the plaintiff refused to comply with court orders, finding the district court did not need to find that the plaintiff acted in bad faith, only that the failure to comply was intentional as opposed to accidental or involuntary); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE